UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-804-BR

| | |
|---|---|
| KAMELIA SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NELSON G. HARRIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the 5 May 2014 second motion for summary judgment (DE # 53) filed by defendants Nelson G. Harris, Harris & Hilton, P.A., Parkway Unit Homeowners Association, Talis Management, Stephen P. Stewart, and Anthony E. Flanagan. Plaintiff did not respond to the motion. The matter is ripe for disposition.

## I. BACKGROUND

Plaintiff was the owner of residential property located at 204 Heathridge Lane in Cary, North Carolina ("the property"). (Compl., DE # 1, ¶¶ 48-49.) In plaintiff's words, "[t]his case has its nexus over a disputed past due homeowners association fee of $355.00." (Id. ¶ 45 (emphasis omitted).) As a result of that dispute, plaintiff alleges that a claim of lien was filed against the property and that a "deed theft scam" by all of the defendants in this case resulted in the issuance of a foreclosure order by Cara B. McNeill ("McNeill"), an Assistant Clerk of Wake County Superior Court, on 29 July 2010. (Id. ¶ 59; see also id. ¶¶ 10, 41, 58, 64.) The property was eventually sold at public auction. (Id. ¶ 66.)

Plaintiff filed her *pro se* complaint in this action on 14 December 2012. She asserted a claim for violation of her due process rights under 42 U.S.C. § 1983, a claim for violation of the Fair Debt Collection Practices Act, and various state law claims. (Id. ¶ 11.) The complaint

specifically named nine defendants: Nelson G. Harris, Harris & Hilton, P.A., Parkway Unit Homeowners Association, Talis Management, Stephen P. Stewart, Anthony E. Flanagan, Omega Association Management ("Omega"), McNeill, and the State of North Carolina. On 24 September 2013, the court entered an order dismissing McNeill and the State of North Carolina from the case. (DE # 36.) The court also dismissed all of plaintiff's claims against the other defendants except for the defamation claim contained in Count Seven of the complaint. (Id.)

Plaintiff filed an interlocutory appeal from the court's 24 September 2013 order on 7 November 2013. (DE # 40.) Her interlocutory appeal was dismissed by the Fourth Circuit Court of Appeals for failure to prosecute on 8 January 2014. (DE # 44.)

On 15 April 2014, the court entered an order dismissing Omega from the case and awarding Omega $7,310.00 in attorney's fees. (DE # 52.) Pursuant to the same order, the court allowed an extension of time for the remaining defendants[1] to file a dispositive motion in this action. (Id. at 7, 13.) On 5 May 2014, defendants filed their motion for summary judgment. (DE # 53.) Plaintiff did not respond to the motion.

## II. DISCUSSION

Summary judgment is proper only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment should be granted only in those cases "in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." Haavistola v. Cmty. Fire Co. of Rising Sun,

---

[1] For the sake of convenience, the remaining defendants, *i.e.*, Nelson G. Harris, Harris & Hilton, P.A., Parkway Unit Homeowners Association, Talis Management, Stephen P. Stewart, and Anthony E. Flanagan, will be referred to collectively as "defendants."

2

Inc., 6 F.3d 211, 214 (4th Cir. 1993). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court is required to draw all reasonable inferences in favor of the non-moving party and to view the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. The moving party has the burden to show an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The party opposing summary judgment must then demonstrate that a triable issue of fact exists; he may not rest upon mere allegations or denials. Anderson, 477 U.S. at 248. A mere scintilla of evidence supporting the case is insufficient. Id. at 252. "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991).

In this case, defendants argue in part that plaintiff's remaining defamation claim is barred by the statute of limitations. Under North Carolina law, the statute of limitations for defamation actions is one year. N.C. Gen. Stat. § 1-54(3); Robinson v. Bladen Cnty. Sheriff Dep't, No. 7:10-CV-146-BO, 2010 WL 4054389, at *3 (E.D.N.C. Oct. 14, 2010); Gibson v. Mut. Life Ins. Co. of N.Y., 465 S.E.2d 56, 58 (N.C. Ct. App. 1996). With respect to this claim, plaintiff asserts that she is "a duly licensed attorney." (Compl., DE # 1, ¶ 134.) She alleges that on 10 February 2011, defendant Nelson G. Harris ("Harris") sent an email to McNeill, an Assistant Clerk of Wake County Superior Court, and another individual, David Hall, Esq. (Id. ¶ 133.) The email

3

stated that plaintiff "was engaging in the unlicensed practice of law." (Id.; see also N. Harris Aff., DE # 53-1, at 2 ¶ 5 & Ex. 1.) Plaintiff maintains that this statement "is and was untrue" and that it was the "apparent intent" of Harris to "demote and bring shame to Plaintiff . . . ." (Compl., DE # 1, ¶ 135.)

Here, plaintiff admits that the alleged defamatory statement regarding her engagement in the unauthorized practice of law was made on 10 February 2011.[2] (Id. ¶ 133.) As a result, the statute of limitations for a defamation claim based on this statement was 10 February 2012. See Horne v. Cumberland Cnty. Hosp. Sys., Inc., 746 S.E.2d 13, 20 (N.C. Ct. App. 2013) ("[A] defamation action must be commenced within one year from the date the action accrues, which is the date of the publication of the defamatory words – irrespective of the date of discovery by the plaintiff."). However, plaintiff did not file her complaint until 14 December 2012, approximately ten months after the statute of limitations had run. Accordingly, to the extent that plaintiff's defamation claim against Harris or any of the other defendants is based on the statement contained in the 10 February 2011 email, the claim is time-barred.[3]

As part of her defamation claim, plaintiff also asserts that with regard to the state court foreclosure proceedings on her property, defendants "in numerous court filings . . . stated that [the] amount of the alleged underlying debt is in excess of $1,300.00, when the Defendants know

---

[2] Plaintiff did not attach a copy of the email at issue to the complaint. Although the complaint states that the email was dated 10 February 2011 (Compl., DE # 1, ¶ 133), defendants have submitted a copy of the email which indicates that it was actually sent on 9 February 2011 (N. Harris Aff., DE # 53-1, at 2 ¶ 5 & Ex. 1). This one-day difference in time does not create a genuine dispute of material fact because the court's analysis and ultimate conclusion would be the same regardless of which of the two dates is used. See Anderson, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

[3] Because of this determination, the court has not considered defendants' alternative argument that the contents of the email sent by Harris are protected by the doctrine of absolute privilege. (See Defs.' Mem. Supp. Second Mot. Summ. J., DE # 54, at 5-6.)

4

full well the alleged underlying unsecured debt, and unliquidated debt is $355.00." (Id. ¶ 138 (emphasis omitted); see also id. ¶ 45.) She claims that defendants "inflated the amount to make Plaintiff appear to be a 'deadbeat' in the community." (Id. ¶ 139.) Plaintiff contends that her professional reputation has been harmed by the egregious acts of defendants. (Id. ¶ 140.)

As plaintiff's own allegations show, the last "court filing[ ]" (id. ¶ 138) in which any defamatory statements could have been made regarding the amount of plaintiff's debt occurred on 9 September 2010 when three of the defendants filed a "Report of Foreclosure Sale/Resale" with the Wake County Clerk of Superior Court. (Id. ¶ 66 (internal quotation marks omitted); see also Defs.' Mem. Supp. Second Mot. Summ. J., DE # 54, at 6-7; N. Harris Aff., Ex. 16, DE # 26-18.) Again, plaintiff did not file her complaint until 14 December 2012. Therefore, to the extent that plaintiff's defamation claim against defendants is based on the filing of this report or on any prior court filings, it is barred by the one-year statute of limitations.

Furthermore, the part of plaintiff's defamation claim against the defendants that is based on statements contained in court filings must also be dismissed pursuant to the doctrine of absolute privilege.

> It is now well-established that defamatory statements made in the course of a judicial proceeding are absolutely privileged and will not support a civil action for defamation, even if made with malice. In determining whether or not a statement is made in the course of a judicial proceeding, the court must decide as a matter of law whether the alleged defamatory statements are sufficiently relevant to the issues involved in a proposed or ongoing judicial proceeding.

Jones v. Coward, 666 S.E.2d 877, 879 (N.C. Ct. App. 2008) (quoting Harris v. NCNB Nat'l Bank of N.C., 355 S.E.2d 838, 841 (N.C. Ct. App. 1987)).

> While statements in pleadings and other papers filed in a judicial proceeding are not privileged if they are not relevant or pertinent to the subject matter of the action, the question of relevancy or pertinency is a question of law for the courts,

5

and the matter to which the privilege does not extend must be so palpably irrelevant to the subject matter of the controversy that no reasonable man can doubt its irrelevancy or impropriety. If it is so related to the subject matter of the controversy that it may become the subject of inquiry in the course of the trial, the rule of absolute privilege is controlling.

Id. (quoting Scott v. Statesville Plywood & Veneer Co., Inc., 81 S.E.2d 146, 149 (N.C. 1954)); see also Rickenbacker v. Coffey, 405 S.E.2d 585, 587 (N.C. Ct. App.) ("If pertinent or relevant, statements in pleadings and other papers filed with the court are absolutely privileged, and the question of relevancy is a question of law for the court."), disc. review denied, 409 S.E.2d 600 (N.C. 1991). The phrase "'judicial proceeding' has been defined broadly, encompassing more than just trials in civil actions or criminal prosecutions." Jones, 666 S.E.2d at 879 (citation and internal quotation marks omitted). Indeed, the term includes "every proceeding of a judicial nature before a competent court or before a tribunal or officer clothed with judicial or quasi-judicial powers." Rickenbacker, 405 S.E.2d at 587 (citation, emphasis, and internal quotation marks omitted).

As discussed heretofore, plaintiff accuses the defendants of inflating the amount of her purported liability to her homeowners' association in numerous court filings submitted in the state court foreclosure proceedings on her property. (Compl., DE # 1, ¶ 138.) The amount of the debt owed by plaintiff is certainly relevant and pertinent to the subject matter of the foreclosure proceedings, and it necessarily would have been the subject of inquiry during the course of those proceedings. Therefore, the statements contained in the state court foreclosure pleadings regarding the alleged amount of plaintiff's debt cannot serve as the basis for a defamation claim against defendants. See Scott, 81 S.E.2d at 149-50 (sustaining demurrer and dismissing action based on absolute privilege where plaintiff alleged that libelous statements were made in

complaint and other papers filed with court, and it affirmatively appeared on the face of the complaint that the statements were relevant to the action). Accordingly, defendants' motion for summary judgment will be allowed.

### III. CONCLUSION

For the foregoing reasons, defendants' second motion for summary judgment (DE # 53) is GRANTED. The Clerk is directed to enter judgment in favor of defendants and close the case.

This 20 June 2014.

                              W. Earl Britt
                              Senior U.S. District Judge